IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CEASER LEWIS,<br><br>   Plaintiff,<br><br>   v.<br><br>RICHARD CURTIS, Judge,<br><br>   Defendant. | No. C 08-0712 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, an inmate at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff contends that the defendant state court judge violated his rights when plaintiff appeared before him on a criminal charge of possession of marijuana.  Plaintiff asks for ten thousand dollars in damages.

A state judge such as the defendant here is absolutely immune from civil liability for damages for acts performed in his or her judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983).  The complaint therefore is **DISMISSED**, and because no amendment could remedy the fact that claims such as this arising from judicial action are barred, the dismissal is without leave to amend. *See Adam v. State of Hawaii*, 235 F.3d 1160, 1164 (9th Cir. 2001) (futility ground for dismissing without leave to amend).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February   11  , 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\ORDERS\CR\LEWIS0712.DSM.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY C LEWIS,

        Plaintiff,

  v.

RICHARD CURTIS et al,

        Defendant.

Case Number: CV08-00712 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony Ceaser Lewis
V-95299/ B2-114 Up
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960-1050

Dated: February 12, 2008

                          Richard W. Wieking, Clerk
                          By: D. Toland, Deputy Clerk